UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MARK MOREHOUSE

                                        CIVIL ACTION

VERSUS

                                        NUMBER 06-775-RET-SCR

EDWARD JACKSON, ET AL



**NOTICE**

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. §636(b)(1), you have ten days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Baton Rouge, Louisiana, September 15, 2008.


                                _Stephen C. Riedlinger_
                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MARK MOREHOUSE

                                        CIVIL ACTION

VERSUS

                                        NUMBER 06-775-RET-SCR

EDWARD JACKSON, ET AL


**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Summary Judgment filed by plaintiff Mark Morehouse.  Record document number 25.  The motion is opposed.[1]

**Background**

The relevant historical facts are not disputed. This case arises out of the plaintiff's termination from his employment as a Southern University campus police officer on December 19, 2003. Plaintiff appealed this action on January 17, 2004 to the state Civil Service Commission (hereafter, the Commission).  The Commission assigned the plaintiff's appeal to referee Roxie Goynes. A civil service trial was held in June and July 2004, post-hearing briefs were submitted August 5 and 19, 2004, but the referee did not render a decision.  Some 14 months later, referee Goynes held a status conference on October 12, 2005.  She then held a hearing to address the plaintiff's employment status on January 24, 2006

---

[1] Record document number 31.  Plaintiff filed a reply memorandum.  Record document numbers 36 and 37.

and on February 1, 2006 she determined that the plaintiff was a probationary employee who had no right of appeal his termination and no right to continued employment at Southern University. Plaintiff sought review of the referee's decision by the Commission. The Commission denied the plaintiff's application for review on March 17, 2006.

Plaintiff filed his complaint in this court on October 6, 2006. Plaintiff named as defendants Southern University Chancellor Edward R. Jackson, the members of the Louisiana Civil Service Commission and Goynes.[2] Defendants are sued only in their official capacity. Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983 for violation of his right to due process under the Fourteenth Amendment, attorney's fees and litigation expenses.

Plaintiff also appealed the Commission's determination to the Louisiana First Circuit Court of Appeal. On May 4, 2007, the appellate court found that the Commission had erred in finding that the plaintiff was a probationary employee and remanded the case to the Commission. Southern University filed a writ application to the Louisiana Supreme Court, which was ultimately denied.

Following remand to the Commission, on September 28, 2007 the plaintiff sought and obtained referee Goynes' recusal from the case. The Commission then assigned the case to referee Paul St. Dizier on December 12, 2007. On February 27, 2008, referee St.

---

[2] Record document number 1.

Dizier decided the plaintiff's appeal and found that he was terminated for cause.[3] Plaintiff sought review of that decision by the Commission, which denied review on June 6, 2008. Plaintiff then filed with the Commission a Motion for Appeal to the Louisiana First Circuit Court of Appeal. The summary judgment record does not indicate what action the Commission took on the plaintiff's motion.

## The Plaintiff's Motion

Plaintiff filed this motion for partial summary judgment seeking a determination that his Fourteenth Amendment substantive and procedural due process rights were violated. Plaintiff also sought relief for those violations, namely reinstatement to his former job, back pay and interest.

Plaintiff argued that although the state appellate court corrected the referee Goynes' ruling with respect to his permanent status classification and remanded his claim back to the Commission to determine whether he was terminated for cause, the appellate court's ruling does not retroactively change the fact that the Commission violated his substantive due process rights when it initially denied him access to the Civil Service appeals process. Plaintiff argued that a violation of a substantive due process right occurs upon completion of the unconstitutional action

---

[3] St. Dizier's decision was rendered after the plaintiff filed his motion for partial summary judgment.

irrespective of whether the violation is ultimately corrected during the course of state judicial review.

Plaintiff also argued that his right to procedural due process was violated because his civil service appeal was not heard and decided within a meaningful time period.

In support of his motion, the plaintiff relied on case law from various jurisdictions, his own affidavit,[4] and his application for review of the referee's February 27, 2008 decision.[5]

Defendants opposed the plaintiff's motion relying on a statement of contested material facts,[6] the affidavit of L. Joann McAndrew,[7] Commission Rule 9.2, the decision of referee St. Dizier, and documents related to the proceedings before the Commission and the state appellate courts. Defendants argued that the plaintiff's claims are barred by Eleventh Amendment immunity and/or absolute judicial immunity. Defendants further argued that they are not persons who may be sued under § 1983 and the plaintiff cannot obtain the injunctive relief he seeks.

## Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a

---

[4] Record document number 25, exhibit

[5] Record document number 46, exhibits 1 and 2.

[6] Record document number 31, attachment.

[7] *Id.*, McAndrew affidavit. McAndrew is the Chief of Appeals of the Louisiana State Civil Service Commission.

properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh the evidence or resolve factual disputes.  *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).  The substantive law dictates which facts are material.  *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

**Section 1983**

To state a § 1983 claim, "a plaintiff must (1) allege a

6

violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). A plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Respondeat superior or vicarious liability will not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).

### Substantive Due Process

Plaintiff has asserted that he was denied both substantive and procedural due process under the Fourteenth Amendment. With respect to substantive due process, a constitutionally protected property interest may be created where the public entity has acted to confer, or alternatively, has created conditions which infer, the existence of a property interest by abrogating its right to terminate an employee without cause. *Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003). While certain public employment situations may endow an employee with a legally cognizable property interest, this kind of property interest is created by an independent source, such as state law, rather than being incidental to public employment. *Id.*, citing, *Gilbert v. Homar*, 520 U.S. 924, 117 S.Ct. 1807, (1997) and *Cleveland Bd. of*

7

*Ed. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, (1985). Because of this particular nature of a property interest in public employment, a plaintiff's success on a substantive due process claim depends on whether he can establish two things: (1) that he had a property interest or right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993).

### Procedural Due Process

The Fifth Circuit explained procedural due process as it applies to public employees' rights in employment as follows:

> Procedural due process entitles a public employee with a property right in his employment to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present his side of the story. The essential requirements of procedural due process under the Constitution are notice and an opportunity to respond. The fundamental requirement ... is the opportunity to be heard at a meaningful time and in a meaningful manner.

*Holden v. Knight*, 155 Fed.Appx. 735, 738 (5th Cir. 2005) (internal citations omitted).

It is well established that the opportunity to be heard must be both "at a meaningful time and in a meaningful manner". *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902 (1976), and *Barry v. Barchi*, 443 U.S. 55, 64, 99 S.Ct. 2642, 2650 (1979), both quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1192 (1965). An opportunity to be heard in a meaningful manner includes

a prompt disposition of the issues.  *See*, *Barry*, *supra*.  As recognized by the Court in *Barry*, "[o]nce a [termination] has been imposed, the [employee's] interest in a speedy resolution of the controversy becomes paramount. ... [i]t would seem as much in the State's interest as [the employee's] to have an early and reliable determination [of the issue]."  *Id.*  While there is no specific time frame within which a hearing must be held and a decision rendered, lack of a speedy resolution of the proceedings may result in a denial of due process.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 547, 105 S.Ct. 1487, 1496 (1985)("At some point, a delay in the post-termination hearing would become a constitutional violation."); *FDIC v. Mallen*, 486 U.S. 230, 242, 108 S.Ct. 1780, 1788 (1988)(there is a point at which an unjustified delay in completing a post-deprivation proceeding would become a constitutional violation).  However, merely alleging a lengthy delay occurred is insufficient.  "The chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a constitutional deprivation."  *Loudermill*, 470 U.S. at 547, 105 S.Ct. at 1496.  The key point is that the delay must be "unjustified."  *Hill v. City of Scranton*, 411 F.3d 118, 134 (3rd Cir. 2005)(mere allegation of a 20-month delay without supplementary allegations concerning the cause of delay does not state constitutional claim); *see Rosen v. King County*, 2008 WL

9

346387 (W.D. Wash. 2/5/2008)(plaintiff must show that hearing was unreasonably prolonged before delay amounts to constitutional violation).

### Official Capacity Claims

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." An officer sued in his personal capacity comes to court as an individual. However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state.

10

*Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting, Kentucky*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

A plaintiff may recover money damages against the defendant insofar as the defendant is sued in his individual capacity for actions taken by him under color of state law which caused the deprivation of the plaintiff's constitutional rights.  Insofar as the plaintiff seeks prospective injunctive relief against a defendant in his official capacity, the plaintiff's official capacity claim is also actionable under § 1983.

**Judicial Immunity**

It is well settled that the absolute judicial immunity defense does not apply to suits against state officers sued in their official capacity for declaratory and prospective injunctive relief.  *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 483 (5th Cir. 2000).  "[T]he only immunities available to the defendant in an official-capacity action are those the governmental entity possesses."  *Id.*, quoting, *Hafer,* 502 U.S. at 25.

**Eleventh Amendment Immunity**

Under *Ex Parte Young*, 209 U.S. 123, 155-56, 28 S.Ct. 441, 452 (1908), declaratory and prospective injunctive relief is not barred by the Eleventh Amendment when the defendants are sued in their official capacity for violation of federal law.  *Warnock v. Pecos*

11

*County Texas*, 88 F.3d 341, 343 (5th Cir. 1996).  A claim for attorney's fees associated with an award of prospective relief is also not barred by the Eleventh Amendment.  *Id.*, citing, *Hutto v. Finney*, 437 U.S. 678, 692, 98 S.Ct. 2565, 2574 (1978).

Even an award of prospective injunctive which results in the diminution of state funds may not be barred by the Eleventh Amendment.  *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 374-75 (2nd Cir. 2005).  While the difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex Parte Young* is sometimes not clear, immunity is not available simply because the prospective injunctive relief ultimately results in a diminution of state funds.  *Id.*  Indeed, an award of backpay may be an appropriate equitable remedy for a procedural due process violation.  *See McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994); *McGhee v. Draper*, 639 F.2d 639 (10th Cir. 1981).

**Rooker-Feldman Doctrine**

The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.  *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)).  Constitutional questions arising in state proceedings are

to be resolved by the state courts. *Id.* Any alleged constitutional error in the state court judgment is to be reviewed and corrected by the appropriate state appellate court. *Id.* Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. *Id.*

## Analysis

### Substantive Due Process

Plaintiff has not shown that he has a protected property interest in access to Civil Service review which cannot be denied to him regardless of the procedure used to do so. The state appellate court determined that the plaintiff had a property interest in his employment at Southern University. However, the plaintiff has not demonstrated that his termination was an arbitrary decision. In deciding whether a government action is arbitrary, the court need only determine whether "the government action is a rational means of advancing a legitimate governmental purpose."[8] Plaintiff never alleged that he was not timely informed of the basis for his termination. Plaintiff received a four-page letter stating the reasons for his termination.[9] Plaintiff acknowledged that he was informed in his termination letter that he

---

[8] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991).

[9] Record document number 25, exhibit 1.

13

was terminated for failure to work overtime for two Southern University football games and was late for another game.[10] Plaintiff asserted that he was excused from working the two games and reported for duty for the third game at the time he was told to report.  His explanations do not negate the rational basis given by Southern University for his termination.[11]  Nor does the plaintiff's disagreement with the stated reasons for his termination negate the conclusion that his termination was rationally related to the legitimate state goal of maintaining the efficient operation of the Southern University Police Department.  Therefore, he has not established the arbitrary deprivation element of his substantive due process claim.

**Procedural Due Process**

The undisputed facts demonstrate that the plaintiff had access to both the Commission and the state appellate courts to contest his termination.   The evidence also shows that the plaintiff promptly and actively pursued relief in both forums, which eventually resulted in a determination that he was a permanent status employee and he was terminated for cause.

---

[10] Record document number 25, supporting memorandum, p. 1.

[11] The referee's February 27, 2008 decision also found that the plaintiff was terminated for cause based on incidents of tardiness, failing to report to work, insubordination, and failing to comply with General Order 350 of the Southern University Police Department Policy and Procedural Manual.  Record document number 31, Exhibit A, pp. 8-11.

Plaintiff argued that the delay in his Civil Service appeal process was unreasonably long, and thus did not satisfy the due process requirement that he be heard at a meaningful time and in a meaningful manner.  Stated more precisely, the plaintiff argued that there was an unreasonably long delay from the time his appeal was heard to when a decision was rendered.  The length of the delay was especially harmful in his case, plaintiff maintained, because he had already been removed from his job.[12]  Therefore, a prompt decision was an essential procedural due process requirement.

The summary judgment evidence detailing the adjudication process shows that the plaintiff's Civil Service trial began in June and was completed in July 2004.[13]  All post-hearing briefs were received by August 19, 2004.  Referee Goynes did not then render a decision.  Neither plaintiff nor the defendants have offered an explanation for her failure to do so.[14]  More than a year later she

---

[12] See record document number 25, Affidavit of Mark Morehouse.

[13] Record document 31, attached Affidavit of Joann McAndrew, Chief of Appeals of the Louisiana State Civil Service Commission.

[14] Plaintiff offered a reason in his Statement of Uncontested Material Facts, number 8:
> The only reason for the delay in Mark Morehouse's civil service case was the erroneous refusal by Civil Service Referee, the Defendant Roxie F. Goynes, to follow the law established by the United States Supreme Court in *Board of Regents of State Colleges v. Roth* [] and *Wallace v. Shreve Memorial Library*[].

Defendants contested the accuracy of this statement of fact. The summary judgment evidence does not include any affidavit or deposition testimony from referee Goynes explaining why she did not
(continued...)

reopened the proceedings based on an issue not raised by the parties - the plaintiff's status as a temporary employee - and ultimately rendered a decision in February 2006.  The Commission denied review the next month.  Although, state court appeals and another hearing before a new Civil Service referee followed, the relevant final decision for Fourteenth Amendment procedural due process purposes is either Goynes' February 2006 decision or the Commission's March 2006 denial of review of her decision.

The case law cited by the plaintiff does support the legal conclusion that an arbitrary or unjustified lengthy delay in the hearing process may result in a constitutional violation.  However, none of the cases cited contained facts analogous to those in this case.

Plaintiff's reliance of *Eguia v. Tompkins*[15] is misplaced.  In *Eguia* the first hearing held by the state agency was 14 months after the deprivation occurred.  In this case, the undisputed evidence shows that the plaintiff's Civil Service hearing began approximately six months after his termination and concluded a month later.  Thus, the plaintiff has failed to establish as a matter of law that there was an unreasonable delay between his

---

[14](...continued)
promptly issue a decision after she received the parties briefs. It is apparent that the plaintiff's proffered explanation is simply his conclusion; it does not have any factual support in the record.

[15] 756 F.2d 1130 (5th Cir. 1985)

termination and a meaningful opportunity to be heard, i.e. the
hearing itself.  Additionally, in *Eguia* the delay issue was before
the court on the defendant's motion for summary judgement.  Thus
the Fifth Circuit concluded it was the defendant's burden to
demonstrate a legitimate reason for the delay.[16]

As stated above, the opportunity to be heard in a meaningful
manner also requires a prompt disposition of the issue.  Therefore,
having a hearing at a meaningful time but then not rendering a
timely decision may result in a denial of procedural due process.
The loss of a person's job is the loss of an important private
interest.  The more important the private interest at stake, the
more likely it is that the person will be harmed by the delay.  The
property interest involved here is substantial - the plaintiff's
job.  Therefore, procedural due process requires a prompt
disposition of the issue.

When this is weighed against the fact that the plaintiff's
Civil Service trial was completed by July 2004 and the post-hearing
briefs were received the next month, a reasonable jury could find
– but would not necessarily have to find – that the unexplained
delay of more than a year from the conclusion of the plaintiff's
Civil Service hearing to when Goynes issued her decision was
unjustified, unreasonable and arbitrary, and it deprived the
plaintiff of the procedural due process required by the Fourteenth

---

[16] *Id.* at 113-14.

Amendment.  The finding sought by the plaintiff is not compelled because the plaintiff has not alleged any facts which, when accepted as true, would support the conclusion that the delay was intentional and unjustified and therefore arbitrary.  Based on the summary judgment record, it is simply a unexplained delay.  Furthermore, in resolving the plaintiff's motion the court must review all the evidence and the record taken as a whole in the light most favorable to the defendants, and draw all reasonable inferences in their favor.  The finding sought by the plaintiff would have to be based on an inference drawn from the unexplained nature of the delay – an inference which would not be favorable to the defendants.

### Judicial Immunity and Eleventh Amendment Immunity

Because the defendants are sued in their official capacity only, their Eleventh Amendment immunity and absolute judicial immunity arguments have no merit and do not warrant an extended discussion.

### Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine does not bar this court from awarding appropriate relief based on referee St. Dizier's decision.  Plaintiff clarified in his reply memorandum that he is not seeking review of a state court judgment.  Therefore, the *Rooker-Feldman* doctrine does not apply.

**Injunctive Relief Argument**

It is unnecessary to determine precisely what prospective relief would be allowed and what would not.  Plaintiff's state court appellate review is apparently still pending.  A favorable outcome of that review may result in his reinstatement with back pay or some lesser degree of relief which would influence the form of equitable relief, if any, that might be warranted.  Moreover, the plaintiff has not shown that he is entitled to summary judgment in his favor on the issue of liability.

**Claim Against Defendant Edward R. Jackson**

Defendant Jackson argued that no claims are raised against him.  Plaintiff argued that Jackson is joined as a necessary party under Rule 19, Fed.R.Civ.P., so that complete relief can be granted among the parties.  Plaintiff's argument is unconvincing. Plaintiff pointed to no allegations against Jackson which indicated that he, or Southern University, controlled the timing of the events which occurred during the Civil Service appeal process, or took any action or failed to take any action which caused referee Goynes to delay promptly rendering her decision after the hearing was completed and the post-hearing briefs were filed.  It is well settled that vicarious liability does not apply to a claim brought under § 1983.

## **Recommendation**

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by plaintiff Mark Morehouse be denied.

Baton Rouge, Louisiana, September 15, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE